

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 3, 2017

The Honorable Jim Murphy
Chair, Committee on Special Purpose Districts
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0167

Re: Whether the board of trustees of a public junior college may allow licensed concealed handguns in open meetings of the board of trustees (RQ-0158-KP)

Dear Representative Murphy:

You ask several questions regarding the authority of the board of trustees of a junior college district to allow licensed concealed handguns in open meetings of the board of trustees.[1] You ask whether the board of trustees of a public junior college has authority under Government Code subsection 411.2031(d-1) to "authorize concealed carry of handguns by license holders in the room or rooms where an open meeting of the board of trustees is being held." *See* Request Letter at 1. You also ask whether the board of trustees of a public junior college may permit the concealed carry of handguns by license holders in its open meetings by omitting notice under Penal Code section 30.06.[2] *See id.* Finally, you ask whether a board of trustees of a public junior college that desires to permit the concealed carry of handguns at board meetings must "expressly authorize such conduct in its written rules established pursuant to Government Code section 411.2031(d-1)." *See id.* These questions arise from the interplay among provisions in the Government Code and the Penal Code, which we summarize for context.

In 2015, the Legislature enacted Senate Bill 11, also known as the campus carry bill. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 438, § 1, 2015 Tex. Gen. Laws 1723, 1723–27; *see also* Tex. Att'y Gen. Op. No. KP-0051 (2015) at 1. The campus carry legislation added section 411.2031 to subchapter H, chapter 411 of the Government Code, which subchapter generally governs licenses to carry concealed handguns. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 438, § 1, sec. 411.2031, 2015 Tex. Gen. Laws 1723, 1723–24; TEX. GOV'T CODE §§ 411.171–.209 (subchapter H). Subsection 411.2031(b) authorizes a license holder to carry a concealed handgun on the campus of an institution of higher education. TEX. GOV'T CODE § 411.2031(b). Subsection 411.2031(d-1) authorizes public institutions of higher education, which include junior college districts, to "establish reasonable rules, regulations, or other provisions regarding the carrying of

---

[1] *See* Letter from Honorable Jim Murphy, Chair, Comm. on Special Purpose Dists., Tex. House of Representatives, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Apr. 18, 2017), https://www.texasattorneygeneral. gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2] You tell us the board of trustees "does not seek to allow licensed open carry of handguns" in its meetings, so you limit your opinion request to licensed concealed carry. *Id.* at 3, n.1.

concealed handguns by license holders on the campus of the institution or on premises located on the campus of the institution." *Id.* § 411.2031(d-1). The institution, in establishing its rules or regulations, "may not establish provisions that generally prohibit or have the effect of generally prohibiting license holders from carrying concealed handguns on the campus of the institution." *Id.* § 411.2031(d-1); *see* Tex. Att'y Gen. Op. No. KP-0051 (2015) at 3 (recognizing that the question whether particular rules and regulations satisfy subsection 411.2031(d-1) involves questions of fact). In the event an institution prohibits concealed handguns in certain areas, subsection 411.2031(d-1) requires it to "give effective notice under Section 30.06, Penal Code, with respect to any portion of a premises on which license holders may not carry." TEX. GOV'T CODE § 411.2031(d-1).

The carrying of a concealed handgun into an open meeting of a junior college district's board of trustees implicates Penal Code subsection 46.035(c), which provides:

> A license holder commits an offense if the license holder intentionally, knowingly, or recklessly carries a handgun under the authority of Subchapter H, Chapter 411, Government Code, regardless of whether the handgun is concealed or carried in a shoulder or belt holster, in the room or rooms where a meeting of a governmental entity is held and if the meeting is an open meeting subject to chapter 551, Government Code, and the entity provided notice as required by that chapter.

TEX. PENAL CODE § 46.035(c); *see also* TEX. GOV'T CODE § 551.041 (requiring a governmental body to provide "written notice of the date, hour, place, and subject of each meeting held by the governmental body"). Yet, subsection 46.035(c) does "not apply if the actor was not given effective notice under Section 30.06 or 30.07." TEX. PENAL CODE § 46.035(i). Penal Code section 30.06 details the offense of criminal trespass by license holders with concealed handguns. *See id.* § 30.06(a) (relating to concealed handguns); *see also id.* § 30.07(a) (relating to openly carried handguns). Section 30.06 provides specific language to give effective notice (hereinafter "trespass notice") to a license holder that the concealed handgun is prohibited in the location. *Id.* § 30.06(c)(3) (providing language relating to concealed handguns).

With this context, we turn to your questions. Fundamental to each of them is the issue of how to legally authorize concealed handguns at an open meeting of a junior college district's board of trustees. Rather than address each question separately, we will opine on how to accomplish that end. Considering Penal Code section 46.035 as a whole, subsection (i) expressly provides that subsection (c) "do[es] not apply" if the actor was not given effective notice under Penal Code sections 30.06 or 30.07. TEX. PENAL CODE § 46.035(i); *see also R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011) ("We generally avoid construing individual provisions of a statute in isolation from the statute as a whole."). Thus, the lack of an effective trespass notice creates a circumstance in which subsection 46.035(c) does not apply to a license holder carrying a concealed handgun into an open meeting. *See id.* § 46.035(i); *see also* Tex. Att'y Gen. Op. No. KP-0108 (2016) at 3 n.2 (acknowledging another circumstance in which criminal enforcement of trespass by a license holder of a concealed handgun may not be available). Because subsection 46.035(c) "do[es] not apply" without the appropriate trespass notice, a license

holder who carries a concealed handgun into the room of an open meeting of a junior college district board meeting, in which no 30.06 trespass notice was posted, has a defense to prosecution under Penal Code subsection 46.035(i). *See Tafel v. State*, No. 10-14-00020-CR, 2016 WL 4573106, at *1–2 (Tex. App.—Waco 2016, pet. ref'd) (acknowledging that subsection 46.035(i) is a defense to prosecution of subsection 46.035(c)).

Given this conclusion, a rule expressly allowing concealed handguns into an open meeting of a junior college district board is unnecessary. In enacting subsections 411.2031(b) and 411.2031(d-1), the Legislature permitted concealed handguns on college campuses but authorized institutions to impose limited restrictions prohibiting concealed handguns in particular areas on campus. TEX. GOV'T CODE § 411.2031(b), (d-1). In this scheme, the Legislature likely intended the institution's rulemaking authority under subsection 411.2031(d-1) as a grant of authority to the institution to identify the particular areas on campus from which the institution prohibits concealed handguns. *See id.* Here, provided the meeting is on campus or on the premises of the campus, a rule such as you describe would essentially allow concealed handguns in an area where concealed handguns are already permitted. Thus, while a rule allowing concealed handguns into an open meeting of a junior college district board is unnecessary, subsection 411.2031(d-1) does not prohibit a board from adopting the rule to affirm or publicize a license holder's right to carry the concealed handgun in the open meeting location.

## S U M M A R Y

A license holder who carries a concealed handgun into an open meeting of a junior college district board of trustees in which no Penal Code section 30.06 trespass notice was posted would have a defense to the prosecution of Penal Code subsection 46.035(c).

Though unnecessary within the context of Government Code subsection 411.2031(d-1), a junior college district board of trustees could adopt a rule authorizing concealed handguns in its open meetings to affirm or publicize a license holder's right to carry the concealed handgun into the open meeting held on the institution's campus.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee